# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 16-185 |
| | ) | Civil Action No. 19-144 |
| CLINTON ROBINSON, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("§ 2255 Motion") filed by *pro se* Defendant Clinton Robinson ("Defendant") (Docket No. 448), which is opposed by the Government. (Docket No. 483). Defendant claims that his counsel was ineffective because he inaccurately predicted Defendant's criminal history category and seeks to vacate his sentence of 96 months' incarceration for his controlled substance offense convictions. For the following reasons, Defendant's ineffectiveness claim lacks merit and will be denied. However, Defendant's broad statement that his counsel allegedly did not inquire with him about an appeal lacks clarity, and he will be given leave to file an amended motion on that issue <u>only</u>, if he believes such course is warranted.

### II. Background and Procedural History

On August 30, 2016, Defendant was charged at Count One of the Indictment in this case with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), in violation of 21 U.S.C. § 846, and at Count Two with attempt to distribute and possess with intent to distribute 100 grams

1

or more of heroin, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), in violation of 21 U.S.C. § 846 (Docket No. 1). Defendant initially was represented by Assistant Federal Public Defender Linda Cohn; however, Ms. Cohn withdrew as counsel when Attorney Michael J. DeRiso entered his appearance as Defendant's retained counsel on December 14, 2016. (Docket No. 106). Attorney DeRiso represented Defendant throughout the pendency of the proceedings before this Court.

On May 22, 2017, the Court conducted a change of plea hearing in Defendant's case. Based on Defendant's responses to the Court's inquiries, the Court found that he was competent to participate in the hearing and to plead guilty if that was his intent. (Docket No. 482 at 6). Among other matters, the Court and the parties examined the terms of their Rule 11(c)(1)(C) plea agreement. Pursuant to that agreement, Defendant would plead guilty to a lesser included offense at Count One of the Indictment, that is, conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, and to Count Two, and the parties stipulated that Defendant was responsible for more than 700 grams but less than one kilogram of heroin. (Docket No. 483-1, ¶¶ A.1; C.2). In addition, the Government agreed not to file an Information pursuant to 21 U.S.C. § 851, stating a prior conviction as a basis for increased punishment, and Defendant agreed to waive his right to take a direct appeal from his conviction or sentence, except under certain limited circumstances. (Id. ¶¶ A.8, B.3). The plea agreement also specified that Defendant was subject to a statutory penalty of not less than five (5) years and not more than forty (40) years' imprisonment at each of the lesser included offense at Count One and Count Two. (Id. ¶ C.1). Finally, pursuant to Rule 11(c)(1)(C), the parties stipulated and agreed that the appropriate sentence was 96 months' imprisonment, a four-year term of supervised release, a fine, if any, in an amount to be determined by the Court and a special assessment of $200. (Id. ¶ C.3).

Following the extensive change of plea colloquy, the Court determined that Defendant understood the nature of the charges against him, all of the elements of the offenses to which he was pleading guilty and the potential statutory penalties he was subject to for such violations,[1] the constitutional and statutory rights he was waiving by entering guilty pleas, and all of the terms and conditions of the plea agreement. (Docket No. 482 at 10-26, 28-29, 37-38). Defendant further assured the Court that he understood that the sentencing guidelines are only advisory and that the Court could impose a sentence outside of the advisory guidelines range but within the applicable statutory minimum and/or maximum penalties. (Id. at 31). Defendant also confirmed that he understood the Court was not bound by any sentencing recommendation that his counsel or anyone else may have suggested to him and that the Court could sentence him up to the maximum sentence permitted by statute. (Id. at 36-37). He acknowledged that no one had promised him what his actual sentence would be, forced him to plead guilty, or made any promises to him outside of the terms and conditions set forth in the plea agreement. (Id. at 45-47). During the hearing, Defendant twice asserted under oath that he was satisfied with Attorney DeRiso's representation. (Id. at 6, 47). Ultimately, the Court accepted Defendant's pleas and entered a judgment of guilty as to the lesser included offense at Count One of the Indictment and Count Two. (Id. at 49).

The Court held a sentencing hearing on February 9, 2018.[2] The Court confirmed with

---

[1] The Court advised Defendant that he was subject to the following potential statutory penalties <u>at each</u> of the lesser included offense at Count One and at Count Two of the Indictment: a term of not less than five (5) years and not more than forty (40) years' imprisonment; a fine not to exceed $5,000,000; a term of supervised release of at least four (4) years; and a $100 special assessment. (Docket No. 482 at 28). The Court also advised Defendant that if the offenses were committed after a prior felony drug offense conviction, the following potential statutory penalties applied <u>at each</u> of the lesser included offense at Count One and at Count Two: a term of not less than ten (10) years and not more than life imprisonment; a fine not to exceed $8,000,000; a term of supervised release of at least eight (8) years; and a $100 special assessment. (<u>Id.</u>).

[2] An official transcript of the sentencing hearing has not been produced as of this date. Therefore, the Court summarizes this proceeding by reference to an unofficial draft of the transcript.

Defendant that he read the Presentence Investigation Report ("PIR") issued by the Probation Office, the Addendum thereto and the Court's Tentative Findings and Rulings, he reviewed those documents with Attorney DeRiso, who answered any questions Defendant had concerning them, and he did not have any questions for the Court about those documents. The Court noted that the PIR and the Tentative Findings indicated that Defendant had a total offense level of 25 and a criminal history category of II, which provided for an advisory guidelines range of 63 to 78 months' imprisonment. (Docket Nos. 208, 213). However, the Court also noted that the parties stipulated in the plea agreement that the appropriate sentence in Defendant's case was 96 months' imprisonment and four (4) years' supervised release.

Attorney DeRiso correctly observed at the sentencing hearing that Defendant's guilty plea to a lesser include offense at Count One of the Indictment reduced the mandatory minimum term of imprisonment from ten (10) years to five (5) years. As Attorney DeRiso noted, Defendant would have faced a ten-year mandatory term of imprisonment if the Government had filed an Information pursuant to 21 U.S.C. § 851, but it did not do so in accordance with the plea agreement.[3] Attorney DeRiso explained that background provided the basis for the stipulated sentence of 96 months' imprisonment, which both parties asked the Court to accept. Defendant did not raise any questions or concerns about the stipulated sentence at any point during the hearing, nor did he express any dissatisfaction with Attorney DeRiso's representation. He did, however, make a statement in which he apologized to the Court and his family and friends for his conduct and accepted responsibility for same.

In consideration of the facts and circumstances of Defendant's case, the parties' positions

---

[3] Defendant incorrectly suggests in his § 2255 Motion that he did not have a prior felony drug conviction that would have supported the filing of an Information pursuant to 21 U.S.C. § 851. See Docket Nos. 448, ¶ 10; 483 at 1, n.1.

4

and Defendant's statement, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement. The Court recognized that the agreed-upon sentence of 96 months' imprisonment represented a variance above the advisory guidelines range of 63 to 78 months' imprisonment, but explained that such sentence was warranted because of Defendant's role in the serious heroin trafficking offenses and other relevant factors under 18 U.S.C. § 3553(a).[4] Further, the Court explained that Defendant avoided much more significant penalties by entering into the Rule 11(c)(1)(C) plea agreement. As it were, Defendant was subject to a statutory mandatory minimum term of five (5) years and up to forty (40) years' imprisonment. But for the plea agreement, the Government could have filed an Information pursuant to 21 U.S.C. § 851, thereby subjecting Defendant to a mandatory minimum term of ten (10) years and up to life imprisonment. The higher mandatory term of ten (10) years and up to life imprisonment also would have applied if the parties had not reached the agreement permitting Defendant to plead guilty to the lesser included offense at Count One of the Indictment. In that event, if the Government had filed a § 851 Information, Defendant would have faced a mandatory term of twenty (20) years and up to life imprisonment under the law as it existed at that time. In view of the parties' agreement and other relevant § 3553(a) factors the Court addressed, the Court sentenced Defendant to 96 months' imprisonment in accordance with the Rule 11(c)(1)(C) plea agreement.

At the conclusion of the sentencing hearing, the Court advised Defendant of his appellate rights, including the fact that a notice of appeal must be filed within 14 days after the entry of judgment. Defendant did not file a direct appeal of his conviction or sentence.

---

[4] Defendant inaccurately states in his § 2255 Motion that neither counsel nor the Court addressed the "disparity" between the advisory guidelines range in the PIR and the stipulated sentence in the Rule 11(c)(1)(C) plea agreement. (Docket No. 448, ¶ 22). To the contrary and as discussed herein, both Attorney DeRiso and the Court addressed the matter, and the Court specifically explained the reasons why it accepted the Rule 11(c)(1)(C) plea agreement and sentenced Defendant in accordance with it.

On February 8, 2019, Defendant filed the § 2255 Motion arguing that Attorney DeRiso was ineffective in representing him because he incorrectly predicted that Defendant's criminal history category would be III or IV, but the PIR subsequently revealed that it was category II. (Docket No. 448, ¶¶ 16, 17). Defendant now claims that Attorney DeRiso's prediction was "pivotal" in his decision to plead guilty pursuant to the Rule 11(c)(1)(C) plea agreement, and he suggests that he would not have assented to the agreement if Attorney DeRiso had provided an accurate prediction. (Id. ¶¶ 16-19).

On February 11, 2019, the Court entered its standard order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Defendant that all federal constitutional claims had to be included in a single habeas corpus petition and of his right to: (1) withdraw the pending motion and file one new, all-inclusive § 2255 motion setting forth every ground which may entitle him to relief from his conviction and sentence, provided that such motion is timely; (2) amend the § 2255 motion presently on file to include any additional claims or materials he wished to raise; or (3) choose to proceed with the motion as filed. (Docket No. 450 at 1-2). The order specified that Defendant was required to notify the Court in writing of his choice within 30 days of the date of the order. (Id. at 2). If Defendant did not respond within that time, the Court would proceed to decide the § 2255 Motion as filed. (Id.).

Defendant did not respond to the Court's Miller notice; thus, the Government was ordered to respond to Defendant's § 2255 motion. After obtaining an extension of time, the Government filed its response on May 23, 2019, arguing that Defendant is not entitled to § 2255 relief. (Docket No. 483). Defendant did not file a reply. The matter is now ripe for review.

## III. Legal Standard

A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal of the sentence." United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" Id. (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

A district court must order an evidentiary hearing in a federal habeas case if a defendant's § 2255 allegations raise an issue of material fact. United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. United States v. Costanzo, 625 F.2d 465, 470 (3d Cir. 1980); see also United States v. Tolliver, 800 F.3d 138, 140-41 (3d Cir. 2015). If a hearing is not held, the district judge must accept the defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." Gov't of Virgin Islands v. Bradshaw, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). The Court finds no need for an evidentiary hearing on Defendant's claim that Attorney DeRiso was ineffective for inaccurately predicting his criminal history category because the record conclusively establishes that Defendant is not entitled to relief.

7

## IV. Discussion

As stated, Defendant contends that Attorney DeRiso was ineffective because he erroneously predicted Defendant's criminal history category as III or IV, instead of II as set forth in the PIR. (Docket No. 448, ¶¶ 16, 17). Defendant asserts that the erroneous criminal history prediction was "pivotal" in his decision to plead guilty, (id. ¶ 16), but he does not attack the validity of his guilty plea. Rather, Defendant unequivocally states that he "is not disputing his conduct and culpability" in the commission of the controlled substance offenses and he "has no intention of abandoning the plea agreement's terms," other than the stipulated sentence of 96 months' imprisonment. (Id. at 6). To that end, Defendant requests that he be resentenced to a term of imprisonment within the advisory guidelines range of 63 to 78 months' imprisonment specified in the PIR. (Id.).

In order to prevail on his claim that Attorney DeRiso rendered constitutionally ineffective assistance, Defendant must demonstrate that: (1) counsel's performance was deficient;[5] and, (2) the deficient performance prejudiced the defense.[6] Strickland v. Washington, 466 U.S. 668, 687 (1984). Defendant must establish both prongs of the inquiry, for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."

---

[5] The deficient performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. This requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 689-90.

[6] The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To do so, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Id. at 700.  In analyzing a claim of ineffective assistance of counsel, the Third Circuit Court of Appeals has "endorsed the practical suggestion in Strickland [that the Court may] consider the prejudice prong before examining the performance of counsel prong because this course of action is less burdensome to defense counsel."  United States v. Isabella, Crim. No. 13-175, 2015 WL 6134082, at *6 (W.D. Pa. Oct. 16, 2015) (quoting United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008) (internal quotation marks and citation omitted)).

Defendant is not entitled to § 2255 relief because he is unable to show that he was prejudiced by Attorney DeRiso's inaccurate prediction of his criminal history category.  As summarized above, this Court conducted a thorough colloquy before accepting Defendant's guilty pleas as knowing and voluntary.  In that regard, Defendant's "[s]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in [this] collateral proceeding[]."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Relevant here, the Court verified with Defendant that he knew that the Court could impose a sentence outside of the advisory guidelines range but within the applicable statutory minimum and/or maximum penalties.  (Docket No. 482 at 31).  Defendant also confirmed his understanding that the Court was not bound by any sentencing recommendation that Attorney DeRiso or anyone else may have suggested to him and that the Court could sentence him up to the maximum sentence permitted by statute.  (Id. at 36-37).  Additionally, Defendant acknowledged that no one had promised him what his actual sentence would be, forced him to plead guilty, or made any promises to him outside of the terms and conditions set forth in the plea agreement.  (Id. at 45-47).  It is well established that a thorough colloquy, like the one conducted in Defendant's case, cures any potential prejudice arising out of counsel's mistaken advice regarding a possible sentence.  See, e.g., United States v. Bui, 795 F.3d 363, 367 (3d Cir. 2015) (citing United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007) ("an

9

erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted")); United States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there were no guarantees as to sentence, and that the court could sentence him to the maximum."); Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972) (per curiam) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence). As such, Defendant is not entitled to relief on his claim that Attorney DeRiso was ineffective for inaccurately predicting his criminal history category.

As the Court understands Defendant's § 2255 Motion, his only claim for relief is premised on Attorney DeRiso's inaccurate prediction of his criminal history category, which the Court has rejected for the reasons discussed above. However, in recounting the background of his case, Defendant broadly states that Attorney DeRiso did not inquire whether he wanted to file a direct appeal, and he attempted "on a few occasions" to contact counsel concerning same. (Docket No. 448, ¶¶ 23-24). Defendant does not claim that he expressly requested Attorney DeRiso to file an appeal and counsel failed or refused to do so, nor does he allege that but for counsel's failure to consult with him about an appeal, he would have timely appealed. Nevertheless, in view of Defendant's pro se status and the lack of clarity on this point, the Court will grant him leave to file an amended motion <u>only</u> on the issue of whether counsel inquired with him about an appeal, if he believes that is warranted.[7] If Defendant elects to file an amended motion <u>on that issue only</u>, he

---

[7] The Supreme Court has rejected a bright-line rule that counsel must always consult with the defendant regarding an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000) ("We cannot say, as a *constitutional*

10

must do so by October 7, 2019.

V. **Conclusion**

Defendant's § 2255 Motion claiming that Attorney DeRiso was ineffective for inaccurately predicting his criminal history category lacks merit and will be denied, with prejudice. Moreover, the Court concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability on that issue.

If Defendant elects to file an amended motion only on the issue of whether counsel inquired with him about a direct appeal, he must do so by October 7, 2019. Otherwise, a final judgment will be entered in the related case at Civil Action No. 19-144 and that case will be closed.

An appropriate order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated: September 5, 2019

---

matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."). Rather, an attorney has a duty to consult with his client about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Although it is unclear whether Defendant sought to assert a claim on this basis, it is notable that he pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement with a stipulated sentence of 96 months' imprisonment, he agreed to waive his appeal rights subject to certain limited exceptions, he was sentenced in accordance with his stipulation and expressed no dissatisfaction concerning same, he was advised of his appellate rights at the conclusion of the sentencing hearing and he did not indicate at that time any interest in filing an appeal, all of which seems to signify that a rational defendant would not want to appeal. See id. (specifying factors that courts must take into account when determining whether counsel had duty to consult); see also McClellan v. United States, No. 2:03CR5, 2005 WL 3050307, at *8 (W.D. Pa. Nov. 14, 2005) (even assuming counsel did not consult with the defendant about filing an appeal, counsel had no reason to think that a rational defendant would want to appeal given that he pled guilty to the charges, was apprised of his guidelines range prior to sentencing, did not identify a non-frivolous ground for appeal, did not express to counsel a desire to appeal, and decided he wanted to appeal eight to ten months after being placed with Bureau of Prisons); Thomas v. United States, Crim. No. 4:16-cr-00724-RBH-1, 2019 WL 415852, at *3 (D.S.C. Feb. 1, 2019) (holding that counsel did not have duty to consult regarding direct appeal where petitioner executed appeal waiver, was sentenced at low end of stipulated sentencing range pursuant to Rule 11(c)(1)(C) plea agreement and did not allege that he requested counsel to appeal); Cunningham v. United States, 2:16-cr-00035-RDP-HNJ, 2019 WL 121263, at *11 (N.D. Ala. Jan. 7, 2019) (finding counsel did not have duty to consult with petitioner about an appeal where parties agreed to stipulated sentence in Rule 11(c)(1)(C) plea agreement).

cc/ecf: All counsel of record

       Clinton Robinson
       (via U.S. mail)